## ABBOTT *v.* STRIBLEN.

By pleading over and going to trial, a party waives his demurrer to the pleadings demurred to.

A motion to strike from a pleading redundant or irrelevant matter, is a matter within the discretion of the court; and the overruling such a motion is not a ground of error.

Where a promissory note is lost after suit brought, the attorney for the plaintiff is a competent witness to prove its loss, and that a copy of the note annexed to the petition is a true copy; and after such proof, the copy of the note is admissible in evidence.

The district court is not bound to give or refuse instructions in the form and terms presented by a party, but may modify them so as to meet the views of the court upon the law; or add to such instructions such matter explanatory of them, as the court may deem proper to a right understanding by the jury.

It is no ground of error that the district court has modified, or added explanations, to instructions asked for by a party; but if the instructions as modified or explained, do not express the law, they are subject to review.

It is the duty of a party to call the attention of the court, to the specific matter in instructions to which objection is made, rather than except in general terms, to the entire instructions.

Where in an action against the indorser of a promissory note, the defendant asked the court to instruct the jury as follows: "1. That before the indorser of a promissory note, is liable for the payment thereof, he must have due notice of its dishonor and protest; 2. That before

an indorser can be held liable for the payment of a promissory note, without such note being first duly protested or dishonored, the jury must find that the note was given for the accommodation of the indorsee only, and that he has the sole interest in the payment, and must ultimately pay the same;" which instructions the court gave with the following addition: " This is true ; but if the jury find that the indorser waived protest and notice, or, after the day of payment, expressly promised to pay the note, or indorsed and passed it for a valuable consideration, he is liable in this suit ;" and where the defendant also asked the court to instruct the jury as follows : " That before the indorser of a note, without notice of its dishonor, can be held liable on a subsequent promise to pay, it must be shown that he made the promise with a full knowledge of the fact, that the note was not duly dishonored"—which instruction was given by the court, with an addition, as follows : " But the jury must take into consideration all the evidence and facts, in order to determine whether the defendant had notice of the note being protested ; and if the jury find that defendant, before its maturity, requested that the note might not be put in bank, to avoid a protest, he cannot take advantage of the fact, that it was not duly protested, and that he was not notified ;" and where the defendant further asked the court to instruct the jury : " That the law will not infer that an indorser who promises to pay the note, after its maturity, had knowledge that it was not duly presented ;" which instruction was given with the addition : " But if the jury find that the maker was insolvent, and that the indorser knew and acknowledged that fact, and stated to the plaintiff, that in consequence thereof, it was not necessary to put the note in bank, and make additional costs by protest, &c., he can take no advantage of the want of demand and protest ;" and where it appeared that the court and the counsel of the defendant, treated the instructions as implying that the term "protest and notice," included a *demand* of payment: *Held*, That there was no error in the instructions.

*Appeal from the Lee District Court.*

WEDNESDAY, JUNE 16.

Action was on a promissory note, against the indorser. The plaintiff alleges that the defendant indorsed and delivered to him, in payment for goods sold and delivered to defendant, a promissory note made by Phillips & Co., and payable to the said Striblen. The defendant demurred to the petition, which demurrer being sustained, the plaintiff amended his petition, to which petition a sec-

ond and third demurrer was filed—both of which were overruled. The defendant then answered the petition, and the issues being joined, the parties proceeded to trial. Verdict for the plaintiff, and judgment thereon. The defendant appeals. The questions in the cause arise principally on the instructions given to the jury, which, with the other necessary facts, will be found in the opinion of the court.

*William Edwards*, for the appellant.

I. Demand and notice in every case are conditions precedent to the holder's right to recover on a bill or promissory note, as against the drawer of the former, or indorser of the latter. And in every case, the indorser of a promissory note, or the drawer of a bill, as the case may be, is entitled to strict notice of such demand, and notice of the non-payment, or dishonor thereof. Session Laws of Iowa, 1853, chapter 108, section 3; Story on Promissory Notes, 3d ed., sections 198, 265; Story on Bills, section 346; Chitty on Bills, 10th Am. from 9th Lond. ed. 353, 359, and notes; *Smedes* v. *the President and Directors of the Bank of Utica*, 20 Johnson, 371; *Berry* v. *Robinson*, 9 Ib., 121; *French* v. *the Bank of Columbia*, 4, Cranch, 164; *Ransom* v. *Mack*, 2 Hill, 590; *Monroe* v. *Easton*, 2 Johnson's Cases, 75; *Griffin* v. *Goff*, 12 Johnson, 423, *May* v. *Coffin*, 4 Mass., 341; *Aubin* v. *Lozarns*, 2 McCord, 134; *Butler* v. *Denham*, 2 Ib., 350; *Williams* v. *the Bank of U. S.*, 2 Peters, 96; *Warder et al* v. *Tucker*, 7 Mass. 449.

II. A subsequent promise of the indorser of a promissory note, without notice of protest or dishonor thereof, to pay the same, after due, will not render such indorser liable as such, unless, made without fraud, deception or misrepresentation on the part of the holder, and with full knowledge of the facts, that no demand had been made of the maker, and no notice of protest and dishonor of same had been given. *Thornton* v. *Wynn*, 12 Wheaton,

183; Story on Promissory Notes, 477, note 1, and sections 272, 361.

III. A stipulation by the indorser of a note, to waive notice of demand of payment, does not dispense with the demand itself. *Backus* v. *Sheperd*, 11 Wendell, 629.

IV. Demand of payment of a note of the maker, is of much more importance, than notice to the indorser of dishonor. Chitty on Bills, 10th Am. from 9th London ed. 389, 390; Story on Promissory Notes, section 272.

V. The death, bankruptcy, or known insolvency of the maker of a note, is no excuse for want of demand and notice by the holder, nor is an agreement between the parties, that the note should not be paid when due, or until a given time, any excuse. Chitty on Bills, 10th Am. from 9th London ed., 449, 450, and notes and authorities cited; *Esdaite* v. *Snowerby*, 11 East, 117; Story on Promissory Notes, 203, 241; Chitty on Bills, 386; *Crossin* v. *Hutchinson*, 9 Mass., 205; *Garland* v. *the Salem Bank*, 9. Ib. 407; *Jackson* v. *Richards*, 2 Caines, 343; *Barton* v. *Baker*, 1 Sargeant and Rawle 334; *Sampson* v. *Dillway*, 10 Mass., 52; *Farnum* v. *Fowle*, 12 Ib., 89: *Gorton* v. *Dallkin*, 6 Greenleaf, 476; *Shaw* v. *Reed*, 12 Pickering, 132; *Lawrence* v. *Langley*, 14 . New Hampshire, 44; *Robson* v. *Oliver*, 10 Adolphus and Ellis, N. S. 704; *Hunt* v. *Wadleigh*, 26 Maine, 271.

VI. Where it is incumbent on the holder to present a bill or note for payment, at a precise time, and he neglects to do so, he will lose his remedy as against the indorser, as well upon the bill or note, as upon the consideration or debt for which it was given or transferred. Chitty on Bills, 354, and note 2; E. H. L. R. 391; *Bridges* v. *Berry*, 3 Taunton, 130; Story on Promissory Notes, section 203, note 4.

VII. A party can never be held as primarily liable as indorser on a promissory note, unless the note was made for the express benefit and accommodation of such indorser and he must be the party ultimately bound to pay such note, without recourse on the maker or any other individ-

ual, on account of such payment. Story on Promissory Note, section 128, note 1; 145, sections 129, 135, note 2; section 203 and note 4; sections 195, 268, 372.

VIII. A special agreement between the holder and the indorser of a promissory note, waiving due notice, presentment for payment, and notice of dishonor of such note, is always to be construed strictly, and cannot, by implication, be extended beyond the fair import of the terms, nor is a waiver of notice of dishonor, a waiver of demand. Story on Promissory Notes, section 272; *Union Bank* v. *Hyde*, 6 Wheaton 572.

*Rankin, Miller & Enster*, for the appellee. [The reporter found no brief of the counsel for the appellee upon the files of the court.]

WOODWARD, J.—The first error assigned, is to the overruling defendants second demurrer to the plaintiff's petition and amended petition. After this decision by the court, the defendant answered, and then rejoined to the plaintiff's replication, joined issue, and went to trial. It has been often decided, that, by pleading over and going to trial, the defendant waives his demurrer to the petition. See 3 Iowa, 150, 209, 582. The same remark applies to the second assignment, which is to the overruling the third demurrer of defendant, which objected to the sufficiency of the amended petition.

The third error assigned, is the overruling the defendant's motion to strike out that part of the plaintiff's replication which alleges that defendant was principal in the note. There was no error in this ruling. The averment was an immaterial one. It was a mere averment of the law, and as such would more properly have been omitted; and if it was so voluminous as to incumber the record, the court could properly order it stricken out; but it is not a matter of error. In the original petition, the plaintiff states the facts, and shows the actual position and relation of defendant, whilst the matter objected to occurs

in the replication. It was a question of practice only, whether it should be stricken out, which lay within the discretion of the court.

The fourth error is, upon overruling defendant's objection to the introduction of the evidence of one Garrard, *to prove the loss of the note.* The bill of exceptions shows that the plaintiff called Garrard as a witness, and that he testified, that he was the attorney of plaintiff; that the note had been in his hands; that he brought suit upon it; that the copy annexed was a true copy; and that the original had been lost, since the commencement of the action, &c. upon which plaintiff proposed to read the copy to the jury. The defendant objected, but the court permitted it to be read. We do not perceive the weight of this objection, and the party does not throw light upon it, by his argument. There is no objection to the witness pointed out, and he was clearly admisible, to show that the note was lost, and to prove its contents. It is not an action brought on a lost note, but the instrument is lost after suit brought. The evidence was proper, and its admission would not debar the court from taking such order as it saw requisite, for the security of the defendant against the lost note.

The fifth and sixth assignments, relate to the refusal of the court to give certain instructions to the jury, in the terms in which they were asked, and without modification; which instructions, with the modifications of the court, *in brackets,* are in substance, as follows:

I. "Before an indorser of a note is liable for the payment thereof, he must have due notice of its dishonor and protest. [This is true; but if the jury find that the indorser waived protest and notice, or after the day of payment, expressly promised to pay the note, or indorsed and passed it for a valuable consideration, he is liable in this suit."]

II. "Before an indorser can be held liable for the payment of a promissory note, without such note being first duly protested or dishonored, the jury must find that

the note was given for the accommodation of the indorser only, and that he had the sole interest in the payment, and must ultimately pay the same." This was given with the same modification as the first instruction.

III. "Before the indorser of a note, without notice of its dishonor, can be held liable upon a subsequent promise to pay, it must be shown that he made the promise with a full knowledge of the fact, that the note was not duly dishonored. [But the jury must take into consideration all the evidence and facts, in order to determine whether the defendant had notice of the note not being protested ; and if the jury find that defendant, before its maturity, requested that the note might not be put *in bank*, to avoid a protest, he cannot take advantage of the fact, that it was not duly protested, and that he was not notified."]

IV. "The law will not infer that an indorser, who promises to pay the note, after its maturity, had knowledge that it was not duly presented. [But if the jury find, that the maker was insolvent, and that the indorser knew and acknowledged that fact, and stated to the plaintiff, that in consequence thereof, it was not necessary to put the note in bank and make additional costs, by protest, &c., he can take no advantage of the want of demand and protest."]

It would seem that the objection of the defendant, is to the fact that the court did not give the instructions in the form requested, but added modifying, or explanatory matter, and not to the additional matter itself. This is indicated in the assignment of errors. The fifth alleges the error to be, "in refusing to give the instructions to the jury, as asked by defendant." And the sixth alleges, the error to consist "in making the modifications to the in-structions asked for by the defendant." We have heretofore held that the district court was not bound to give or refuse instructions, in the form and terms presented by counsel; but that the court was at liberty to modify them, so as to meet their views upon the law, or to add such matter explanatory of them, as the

court deem proper for aright understanding by the jury. It is, therefore, no ground of error, that the court has made such modifications or explanations; but if, as so qualified, they do not express the law, they are subject to exception.

In the present case, the court did not, properly speaking, qualify or change the propositions offered, but added such matter as it conceived would assist the understanding of the jury, and apply the instructions more nearly to the actual case. The instructions in the form presented by the defendant, were broad and general propositions, and were destitute of the expression of those circumstances which would connect them more nearly with the case on trial. Thus, they express only the general proposition, that an indorser is entitled to have demand made, and notice given, but there is much to show that the case turned on those circumstances which would take it out of the general rule as claimed by defendant; and it was right that these latter should be laid before the jury, as well as the former; for the former only being given, would tend to mislead the jury in the trial of the cause before them. The court added only those qualifications which applied to the actual case. There was no error in this.

But the defendant does not seem to contest the law contained in the qualifications by the court, generally, but it would appear from his argument, that he objects that the court instructed that the indorser would be liable, if he waived protest and notice, without including the *demand* in this proposition. He aims to put it upon the ground that the court held, that a waiver of the protest and notice, would leave him liable, although he did not waive the demand. But we do not so understand the instructions of the court, and it does not appear that they were so taken on the trial; nor that even the defendant so regarded them during the progress of the cause. At the conclusion of all the instructions and explanations, as contained in the bill of exceptions, he excepts to them altogether, specifying none. And then, in the assignment of errors, he assigns

the refusal to give them as asked, and the giving them with modifications; but does not assign any matter of law contained in them, nor any specific matter.   And again: in the demurrers to the petition, and amendment thereto, he alleges that they do not aver that the note was protested, and that notice was given to him, but does specify the want of averment of demand.   And finally, throughout the cause, both the court and the defendant's counsel, treat it in such a manner as to imply that the terms "protest and notice," were taken to include the demand, and that this was not made a point.   It appears to us, that the cause was understood in this manner by all concerned upon the trial, and there was no liability to error in this respect.   In this state of things, it was the duty of the defendant, to call the attention of the court to the specific matter, and to prevent the mistake, rather than except in merely general terms, to the entire instructions, and thus permit the misapprehension, (if there was one), to run throughout the case.

Upon the whole view, we are induced to hold that there was no error in the judgment.

Judgment affirmed.