PERKINS, appellant, *v.* DAVIS, respondent.

PRACTICE — *demurrer — answer over.* When a party amends his pleading on a judgment sustaining a demurrer thereto, he waives his right to call in question the action of the court in sustaining the demurrer.

INSTRUCTIONS TO JURY. It was not error for the court below to refuse to give the instruction requested by plaintiff in this case. It was much too general and required a verdict for services, that, as appears from pleadings, were to be paid from trust property, and for all that appears were so paid.

*Appeal from First District, Gallatin County.*

SHOBER & LOWRY, for appellant.

S. WORD, for respondent.

WADE, C. J. This is an action to recover for services alleged to have been rendered by plaintiff as trustee and agent of defendant. There was a demurrer to the first three subdivisions of the complaint, which was sustained. Thereupon the plaintiff filed an amended complaint, to which there was an answer and replication thereto, and then a trial ensued upon the pleadings thus formed.

One of the principal errors complained of by the plaintiff is the action of the court in sustaining the demurrer to the original complaint. The record conclusively shows that the plaintiff elected to amend his complaint, instead of standing upon his demurrer, and he thereby waived his right to insist upon, or to call in question the action of the court in sustaining the demurrer.

In the case of *Gale* v. *Tuolumne Water Co.*, 14 Cal. 28, the court say: "They (the plaintiffs) now complain of the error of the court in sustaining the demurrer. But this they cannot do. They chose to amend. They went to trial upon the pleadings thus amended. If they desired to test the question as to the correctness of the judgment sustaining the demurrer, they should have left the pleadings where the judgment left them. They could not take all the advantage of the pleadings as they made them, and also the advantages of the rulings of the court before their amendment."

The authorities cited by the respondent, as well as the reason

of the rule, are conclusive upon the subject. Many other authorities might be cited to the same effect.

Another error assigned is the refusal of the court to give in charge to the jury an instruction asked for by the plaintiff. One portion of the instruction is as follows:   " If from the testimony, you believe that the plaintiff rendered services for the defendant, as averred in plaintiff's complaint, and that the defendant has not paid the plaintiff therefor, then it is your duty to find for the plaintiff in the amount found due defendant to plaintiff under the testimony."

To understand the force and applicability of this instruction, it is necessary to present the issue in the case. The plaintiff sued for services rendered defendant as *trustee*. The defendant answered, and said, that such services were rendered for himself and one W. A. Fredericks, jointly, under an agreement that the trustee should receive his pay from the property he held in trust, and that in an action between Joseph Wilson as plaintiff, and W. A. Fredricks and this plaintiff and defendant, as defendants, the rights and claims of this plaintiff as such trustee were fully adjudicated and settled, and this defendant wholly relieved from any liability therefor.   It will therefore be seen that the instruction asked for by the plaintiff would have authorized, if it did not direct, the jury to find a verdict against the defendant for the services rendered, notwithstanding the fact that the averments of the answer were all true, and that the plaintiff had been fully paid for his services by Fredericks, from the trustee property, or by the adjudication aforesaid.   Even if the proof had shown all this, yet the instructions would have authorized the jury to have found that though the demand had been fully paid it had not been paid by defendant, and therefore he was liable.

The instruction was not applicable to the case, and the giving of it would have been error.   We have carefully examined the instructions to the jury, as given by the court.   They fairly present the case, and we see no reason for disturbing the judgment.

*Judgment affirmed, with costs.*