COLLIER, respondent, *v.* ERVIN ET AL., appellants.

PLEADING — *effect of answer.* An answer is a waiver of a motion to strike out complaint or amendment thereto for want of proper verification, and also of any advantage that might have been taken by demurrer.

COUNTER-CLAIM. A counter-claim founded upon a tort cannot be set off against one founded on contract, unless it arose out of the transaction set up in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action.

CONSTRUCTION. The words of the statute, " subject of action," should be construed to refer to the origin and ground of plaintiff's right to recover or obtain the relief sought, rather than as relating to the thing itself about which the controversy has arisen.

COUNTER-CLAIM. An individual claim cannot be set up as a counter-claim to a joint indebtedness without alleging that the plaintiff is insolvent.

*Appeal from First District, Jefferson County.*

THIS cause was tried in the court below by BLAKE, J.

Chumasero & Chadwick, and E. W. Toole, for appellants.

Complaint and amendment should have been stricken from the files for want of proper verification.

Defendant's demurrer for insufficient description of parties by name in complaint and summons should have been sustained. *Wiebbold* v. *Hermann*, 1 Mon. 609.

Other causes of demurrer were well taken. There was a variance between allegation of complaint and the exhibit. There was no averment of partnership, or that either were authorized to sign their joint names.

The instrument sued on was a contract simply to pay property, not a promissory note, and should have set out the consideration. *Haline* v. *Redwick*, 16 Ill. 371. On such a contract demand is first necessary for the thing contracted to be delivered before it becomes a money demand. The mortgages mentioned in complaint were between different parties and on several pieces of property.

The striking out of the averments of Page's ownership was error.

The amount taken from the mortgaged premises by the mortgagee before foreclosure was a proper counter-claim. 1 Hill. on Mort. 448, ch. 16, note; 13 Cal. 116; 28 id. 301; 15 id. 287; 5 Pick. 259; 11 Ill. 61; *Twogood* v. *Franklin*, 17 Iowa, 239; Freeman on Judg., § 481.

The counter-claim arose out of the transaction and was connected with the subject of it. Counter-claim embraces both set-off and recoupment. *Vassear* v. *Livingstone*, 3 Kern. 257; 22 Barb. 146; 52 id. 132; 10 How. Pr. 67; 33 Cal. 495; 13 Iowa, 136; 12 Ind. 46; 1 Van Sant. Eq. Pr. 211, and cases cited.

In an equitable proceeding equitable defenses should be admitted. The counter-claim should have been allowed to Metcalf and also to Page.

Sanders & Cullen, and Shober & Lowry, for respondent.

Defendant's counter-claim is no proper subject of recoupment. It arose in tort and not out of same transaction. *Slayback* v. *Jones*, 9 Ind. 470; 120 Mass. 284; 9 Allen, 39; *Drake* v. *Crockett*, 4 E. D. Smith, 34; Cod. Sts. Civ. Pr. Act, §§ 56–7.

The counter-claim is not pleaded by parties to whom it accrued.

Collier was in possession under decree of court and was not liable for use and occupation. He was not a trespasser, because his possession was justified by his deed. Freeman on Judg., § 483.

The rule in the *Wiebbold case*, 1 Mon. 609, was not invoked in proper time and manner. It cannot be taken advantage of on appeal.

There is sufficient allegation to admit proof and no denial.

There was a proper allegation of demand in gold dust and a refusal.

The money due was the principal thing; the security was but an incident. It was on different pieces of property. The decree, could appropriate each security to its proper debt. 2 Mon. 338.

The payment by Page to Profit was on an entirely different claim, wholly voluntary and not traced to plaintiff. The sale from which Page redeemed the property was under a decree that was never reversed.

Knowles, J. I will consider the points presented by appellants in their brief in the order of presentation.

If there was any validity in the motion of appellants to strike out the complaint and amendment thereto, for want of a proper verification, the same was waived by demurring and answering to said complaint and amendment.

The court properly overruled the demurrer of Ervin and Page; but if there had been any error in such ruling the defendants waived such error by answering to the merits of the complaint. For the same reason Metcalf waived any error that may have occurred in overruling his demurrer. He filed his answer to the merits of the complaint, subsequently. *Perkins* v. *Davis*, 2 Mon. 474; *Gale* v. *Tuolumne Water Co.*, 14 Cal. 28; *Abbott* v. *Striblen*, 6 Iowa, 191; *Mitchell* v. *The Wiscotta Land Co.*, 3 id. 209.

The fourth ground of defense set forth in the answer of Ervin and Page is that at the time of the commencement of this action defendant Page was the owner of an undivided half of

the property described in the complaint, and at the time of filing the answer was the owner of all of the same. This is set forth as though it were a separate ground of defense. Why such a defense should prevent the respondent from recovering a judg-ment on certain accounts for money paid out and the amount due on a promissory note, I am unable to perceive, or why, not-withstanding, this respondent should not foreclose his mortgage given to secure these sums I do not comprehend. If this allega-tion, however, is to be taken in connection with the next defense, which is a counter-claim for an alleged trespass and waste upon the property mortgaged, owned by appellants, I do not think it adds any thing to it. That is a counter-claim based upon a tort or trespass and is for unliquidated damages. All of the allega-tions in the answer, that the respondent has failed to account for the gold extracted and the water sold, do not make this coun-ter-claim, under the allegations in the answer, any thing but an action founded upon a tort. A counter-claim founded upon a tort cannot be set off against a claim founded upon contract. *Wells* v. *Clarkson,* 2 Mon. 379.

The counter-claim must arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim or con-nected with the subject of the action. This counter-claim did not arise out of the transaction of the payment of Ervin and Metcalf's notes by Rader or Blacker, or the execution and deliv-ery of the note to the respondent. Neither is it a matter that arises out of the subject of the action. The words in our statute, "subject of the action," should be construed, not as relating to the thing itself, about which the controversy has arisen, but as referring rather to the origin and ground of the plaintiff's right to recover or obtain the relief asked. Moak's Van Sant. Plead. 627–8.

As I have said, the counter-claim is founded upon a tort — a trespass. It does not connect itself with the origin of the above causes of action, and it is not founded upon a contract. It is not then a proper cause for a counter-claim. Cod. Sts., Civ. Pr. Act, § 57.

The counter-claims set forth in the answer of Metcalf were of

the same nature or were in fact the same as the above counter-claim.

Both were properly stricken out, as I have shown above.

The counter-claim set forth in Ervin and Page's amended answer, and numbered *six*, certainly cannot be said to have arisen out of any of the contracts sued upon, and I think it is a counter-claim founded upon a tort, the issuing of an execution and sale of property, under a void judgment. But if I am not correct in this, then for other reasons the counter-claim could not be interposed. It was a claim due Page, individually. An individual claim cannot be set up as a counter-claim to a joint indebtedness without alleging that the plaintiff is insolvent. *Kemp* v. *McCormick*, 1 Mon. 420. Again the respondent was seeking no money judgment against Page. As to him, he only sought to foreclose a mortgage upon certain property in which he, Page, had an estate. There was no ground for his setting up such a claim unless some equities were set forth justifying it.

*Judgment affirmed with costs.*