FRANCISCO, respondent, *v.* BENEPE, appellant.

PLEADING — *Answering over waives demurrer.*— By answering over, and going to trial, a party waives his right to be heard, on appeal, on the question of overruling his demurrer.

PARENT AND CHILD.— *Emancipation of minor — Purchase and control of property — Rights of father.*— A father may emancipate his minor child, and, when this has been done, the property purchased by the child with his own means is not subject to the control or disposal of the father.

APPEAL — *Evidence sufficient to sustain findings.*— The testimony in the case considered, and *held* sufficient to support the findings, which is all that is necessary on appeal.

REPLEVIN — *Demand, when not necessary.*— Even when the taking is not wrongful, proof of demand is unnecessary when the pleadings admit it.

NEW TRIAL — *Newly-discovered evidence.*— When the newly-discovered evidence is such as would not modify the finding or judgment, a new trial will be denied.

SAME — *Surprise.*— When the plaintiff has simply proved the allegations of his pleadings, the defendant cannot complain of surprise.

*Appeal from First District, Gallatin County.*

J. L. STAATS, for the appellant.

VIVION & SHELTON, for the respondent.

GALBRAITH, J.   This was an action of claim and delivery by an infant, who had been emancipated by his father, for certain property purchased with his own means while thus emancipated, and claimed by the appellant by virtue of a sale and delivery to him of such property by the infant's father.   There was a demurrer to the complaint, which was overruled.   The appellant complains of this action of the court in his argument; but by answering over, and proceeding to trial upon the merits, he waived his right to be heard upon that question here.   Neither is it presented in the specification of errors upon which he relies.   This question is therefore not properly before us for consideration.   *Perkins* v. *Davis*, 2 Mont. 474; *Collier* v. *Ervin*, 3 Mont. 142.

A jury was waived, and the cause tried by the court, which made its findings, and rendered judgment thereon for the respondent.   There was a motion for a new trial upon the three grounds of insufficiency of the evidence to justify the findings and decision of the court, newly-discovered evidence, and surprise.   This motion was overruled, from which order this appeal is taken.

There was evidence upon the trial tending to show that the father had made over this property, which had been attached in Silver Bow county, in a suit in which the appellant was plaintiff and the father of the respondent was defendant, in consideration of the satisfaction of the claim of the appellant, and his dismissal of that action.   But the father had no more right to dispose of this property than if he had been an entire stranger.   Tyler, Inf. 152; *McClosky* v. *Cyphert*, 27 Pa. St. 220.   It is the uniform rule of law that the father, as guardian by nature, has no control over the property of his infant children.   As such guardian he has only control of their persons, but not of their real or

personal estate. Tyler, Inf. 239; *Hyde* v. *Stone*, 7 Wend. 354; *Fonda* v. *Van Horne*, 15 Wend. 630.

The uncontradicted testimony of several witnesses upon the part of the respondent was that he had been emancipated by his father, and that this property had been purchased with his own money and labor after his emancipation. A father may emancipate his minor children, which may be done either by writing or parol. In such a case the wages and earnings of the minor cannot be claimed by the father, and are not subject to the father's debts. Tyler, Inf. 203; *Torrens* v. *Campbell*, 74 Pa. St. 470; *Shute* v. *Dorr*, 5 Wend. 204; *Inhabitants of Dennysville* v. *Inhabitants of Trescott*, 30 Me. 470; *Boobier* v. *Boobier*, 39 Me. 406.

Under the pleadings and evidence in this case, that such was the law in relation to the property of infants, and that the above were the facts in relation to its purchase by the respondent, must have entered into the consideration of the court when it made its finding of fact that he was the owner of the property. Upon examination of the testimony and findings of fact, we discover that the findings are supported by the testimony, which, we have often said, is all that is necessary. *Lincoln* v. *Rodgers*, 1 Mont. 217; *Toombs* v. *Hornbuckle*, id. 286; *Ming* v. *Truett*, id. 322; *Travis* v. *McCormick*, id. 347; *Sanders* v. *Farwell*, id. 599; *Alder Gulch Consol. Min. Co.* v. *Hayes*, 6 Mont. 31.

The court found that the respondent was the owner of the property at a certain time and place; that at that time and place the appellant wrongfully took said property from his possession; the value of such property; and also, what would seem rather to be a conclusion of law than a question of fact, that the respondent was entitled to its possession. Even if there had been no wrongful taking, and a demand had been necessary, the state of the pleadings show that such demand was made. The demand for the possession of the property was alleged in the complaint, and not denied in the answer. The findings warranted the judgment.

 As to the question of newly-discovered evidence, we do not think that there is anything in the affidavit containing the newly-discovered evidence which can or ought to modify the findings or judgment. The respondent simply proved the allegations of his pleadings, and in such a case the appellant cannot complain of surprise.

The judgment is affirmed, with costs.