GARVER ET AL., respondents, v. LYNDE ET AL., appellants.

CIVIL PRACTICE. — *When answering waives demurrer.* — Where a defendant has interposed a demurrer to a complaint which is overruled, and fails to stand upon his demurrer, but answers over and goes to trial upon the merits, he waives his right to be heard upon his objection to the action of the court in overruling the demurrer, unless the complaint should be so defective as not to support the judgment. *Perkins* v. *Davis*, 2 Mont. 474; *Collier* v. *Ervin*, 3 Mont. 142; *Francisco* v. *Benepe*, 6 Mont. 243, cited and followed. The same rule of practice applies to the overruling of a demurrer to a supplemental complaint.

CIVIL PRACTICE. — *When a nonsuit should be granted.* — The court should grant a nonsuit if, in view of all the evidence introduced by a plaintiff, it would grant a new trial if a jury should bring in a verdict in his favor.

*Evidence held sufficient to establish a presumption of payment of money.* — In the case at bar, a subcontractor gave an order, on account of a subcontract he had for furnishing railroad ties, upon his principals. It was accepted by them upon the condition that it was to be subject to the payment of certain other claims, which with it, however, were not to be paid until the receipt of the price of the ties, which said principals had contracted to furnish, and which the subcontractor had furnished in performance of their contract. An account stated, between the said principals and the railroad company with which they had their contract, introduced in evidence, included among its items a large number of ties. It also showed that the principals had been promptly paid in all the transactions under their contract of the year in which the order was accepted, both prior and subsequent to its acceptance. No evidence was offered by the defense to explain this statement of accounts. *Held*, that it was *prima facie* established that the principals had received the money for the ties mentioned in the accepted order, although said ties were not specially mentioned in the account stated.

*When an assignment of an account will be presumed to have been made for value.* — In the case at bar it was also shown that said principals had, subsequent to their acceptance of said order, assigned to a bank the balance due them on their contract with the railroad company. This balance was less in amount than the claims to the payment of which the order was subject. *Held*, that the presumption is that they had received value for said assignment, and therefore had received the whole amount due them on their contract.

*Evidence sufficient to avoid a nonsuit.* — *Held*, that under the above state of facts a motion for a nonsuit was properly overruled, and that the evidence sustains the verdict rendered.

*Appeal from District Court, Gallatin County.*

L. A. LUCE and F. K. ARMSTRONG, for the appellant.

Can the plaintiff select certain portions of an order

and swear that the debt was due in September, 1884, and in December, 1886, file a supplemental complaint which shows that the debt was not due until the last named date, if due at all, and yet prevail in this action? Section 109, Code of Civil Procedure, makes provision for the filing of a supplemental complaint, etc., but that provision is subject to a legal construction, and it has been uniformly held that a party who commences suit before his cause of action accrues cannot, after it accrues, file a supplemental complaint showing that fact. See *Holly* v. *Graf*, 29 Hun, 443; *Erwin* v. *Oregon R. & N. Co.*, 28 Hun, 269; *Milner* v. *Milner*, 2 Edw. Ch. 114; *Watson* v. *Thebon*, 17 Abb. Pr. 184; *McMahon* v. *Allen*, 12 How. Pr. 43; *Lowry* v. *Harris*, 12 Minn. 255; *Bostwick* v. *Mench*, 4 Daly, 68; *Smith* v. *Smith*, 22 Kan. 699. Section 181, Practice Act, provides that an action may be commenced and writs of attachments issued upon any debt for the payment of money or specific property, before the same shall become due, etc., upon certain conditions. But that is not this case.

GEORGE F. SHELTON and HENRY N. BLAKE, for the respondents.

By answering over and going to trial, the appellants waived their right to be heard on this appeal on the question of overruling their demurrer. *Francisco* v. *Benepe*, 6 Mont. 243; *Collier* v. *Ervin*, 3 Mont. 142; *Perkins* v. *Davis*, 2 Mont. 474. The most that can be claimed by appellants is that the complaint contains surplusage, which could have been stricken out on motion properly made. Code Civ. Proc., sec. 99. The same rule already cited is applicable to the overruling the demurrer to the supplemental complaint. Appellants filed their answer to this complaint, and cannot be heard on this appeal respecting their demurrer. See cases cited above. Appellants err in their statement that the debt was not due

when the action was commenced. If there is any doubt upon this subject, the presumption is in favor of the judgment of the court below. The supplemental complaint referred to by appellants was filed under section 109, Code of Civil Procedure. It is held in New York and California, under similar statutes, that the right to file supplemental pleadings of this nature depends upon the leave of the court in the exercise of a legal discretion, which will not be reversed unless abused. *Medbury* v. *Swan,* 46 N. Y. 200; *Holyoke* v. *Adams,* 59 N. Y. 233; *Harding* v. *Minear,* 54 Cal. 502, 506. Appellants were not asked to pay a debt of Calfee to respondents, but were sued for the payment of their own obligation in writing. But these facts could not be proven unless the supplemental complaint was filed. *Pico* v. *Pico,* 56 Cal. 453; *Washburn* v. *Wilkinson,* 59 Cal. 538; *Moulton* v. *Parks,* 64 Cal. 166. The acts of appellants were fraudulent as against respondents, and showed an intention upon their part to evade the payment of their order. *Hobart* v. *Tyrrell,* 68 Cal. 12.

THE opinion states the case.

GALBRAITH, J. This was an action to recover the amount claimed to be due upon a certain order drawn by White Calfee, on the appellants Lynde and Holden, and conditionally accepted by them, and payable to the respondents. The appellants had a contract with the Northern Pacific Railroad Company for the delivery of a great number of ties, and White Calfee was their subcontractor. White Calfee, being indebted to the respondents for goods, wares, and merchandise, and the amount due him from appellants being greater than his indebtedness to the respondents, gave them an order on the appellants, which was accepted by them, subject, however, to the payment of three other claims, which

were to have precedence. This order was accepted on the 10th of September, 1883, and was for the sum of $2,814.70, and the amount of the claims subject to which it was to be paid was $6,421.39. The action was commenced on the second day of September, 1884. There was a demurrer to the complaint, which was overruled; and after the case was at issue on complaint, answer, and replication, the respondents filed a supplemental complaint, to which there was also a demurrer, which being overruled, the appellants filed an answer. The case was tried to a jury, which rendered a verdict for the respondents.

The errors relied upon are the action of the court in overruling the demurrers to the original and supplemental complaints of the respondents, and the insufficiency of the evidence to support the verdict of the jury. As to the first error complained of, viz., the overruling of the demurrer to the complaint, it is the settled rule of practice in this territory that when a defendant does not stand upon his demurrer, but, as in this case, answers over, and goes to trial upon the merits, he waives his right to be heard upon his objection to the action of the court in overruling his demurrer, unless the complaint should be so defective as not to support the judgment. *Francisco* v. *Benepe,* 6 Mont. 243; *Collier* v. *Ervin,* 3 Mont. 142; *Perkins* v. *Davis,* 2 Mont. 474. The same rule is applicable to the action of the court in overruling the demurrer to the supplemental complaint. To this there was an answer. The original and supplemental complaints support the judgment.

But it is also claimed that the court erred in overruling the appellants' motion for a nonsuit; and that the evidence is not sufficient to sustain the verdict, in this: that it does not show that the claims to which the payment of the amount due on the order was subject, and the payment of which had precedence over that of

the order, had been paid. The appellants did not intro-duce any evidence upon the trial, and therefore both these questions can be considered together. If the evidence will not sustain the verdict, the motion for nonsuit should have been granted. We understand the correct rule to be that the court should grant a nonsuit if, in view of all the evidence introduced by the plain-tiff, it would grant a new trial if the jury should bring in a verdict in his favor. Therefore, so far as this case is concerned, as their determination depends upon the application of the same rule or principle, both of these questions may be considered together.

The order and acceptance were in evidence, and were as follows:—

"FRIEDLEYS, September 7, 1883.

" LYNDE & Co.: Pay to the order of G. H. Carver & Co. twenty-eight hundred and fourteen and 70-100 dollars, on account of the contract at Miner Creek, and charge same to my account, as per agreement made with Mr. Van Horne and myself at Bozeman.

[Signed]        "WHITE CALFEE.

" $2,814.70."

" We hereby accept the foregoing order, subject to the following claims, viz.: Strasburger and Sperling, $4,500; Sebree, Ferris, and White, $921.39; Lynde & Co., $1,000. The foregoing to be paid when we receive the same from the Northern Pacific Railroad Company for the Tom Miner Creek ties.

" Accepted, subject to the specified condition hereon.
        "LYNDE & Co.

" September 10, 1883."

An account stated was also shown between the appel-lants and the Northern Pacific Railroad Company, for transactions upon their contract with it between Feb-ruary, 1882, and the latter part of December, 1884, amounting in all to the sum of $484,537.86. Upon an

inspection of this account, it appears that the transactions under this contract, up to some time in December, 1883,— it being in September of that year that the above order was given and accepted,— amounted to $456,439.42; among which are included a large amount of ties. This account also shows that all claims of appellants for the year 1883 were paid by the railroad company, and that such payments were made promptly. The appellants did not offer any evidence to explain this statement of accounts. Looking at the order and acceptance, and all the circumstances of the transaction, it will be presumed that the sum for which it was given and accepted was for ties already delivered on the contract of Calfee with the appellants. Under the testimony in this case, we think it appears *prima facie* that the appellants had received the money for the ties mentioned in the acceptance of the order, although not specially mentioned in the account stated between the appellants and the railroad company, and that the respondents were entitled to recover the amount of their claim at the time the action was commenced.

It was also shown, under the allegations of the supplemental complaint, that on the eighth day of December, 1886, the appellants assigned to the First National Bank of Kansas City the whole of the balance then due them on their contract with the Northern Pacific Railroad Company, amounting to the sum of $6,218.55, subject to the lien of the respondents, by reason of an attachment issued in this case. They will be presumed to have received value for this assignment; and therefore it would appear that they received the whole amount due them on their contract with the railroad company. The amount of the claim, subject to which the order was accepted, was $6,421.39. It appears, therefore, that the balance assigned to the bank was not sufficient to pay these claims.

Under the above state of facts, the nonsuit was properly overruled, and the verdict is sustained by the evidence. The judgment is affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.