HAROLD O. PARDEY *vs.* AMERICAN SHIP WINDLASS COMPANY.

By a contract of employment made by a minor and approved and confirmed by his father, the minor agreed to remain in his employer's service for three years, during which time the employer was to retain from his wages one dollar per week to be paid to the minor at the expiration of the three years. The minor left his employer's service within the three years. In an action brought by the father against the employer before the expiration of the three years to recover the amount retained during the time of service,

*Held*, that the action could not be maintained, 1, because it was prematurely brought, and 2, because the father, by approving and confirming the agreement, had in effect emancipated his son as to the wages earned under the contract, which therefore became the property of the son and not the property of the father.

ASSUMPSIT.    Certified from the District Court of the Sixth Judicial District on an agreed statement of facts.

By a contract made between the plaintiff's minor son and the defendant corporation which the plaintiff approved and confirmed, the son agreed to remain in defendant's employment for three years, during which time the defendant was to retain from his wages the sum of one dollar per week, the same to be paid to the son at the expiration of the three years. The son left the defendant's employment within the three years, and the plaintiff sued to recover the money retained by the defendant out of the son's wages under the contract.

*April* 29, 1896.    MATTESON, C. J.    We are of the opinion that the action cannot be maintained. By the terms of the agreement, the one dollar per week from the wages of the plaintiff's son, Frank Brown Pardey, retained by the defendant, was not payable until the expiration of three years, during which he was to remain in the defendant's employment.    This term did not expire until April 17, 1896, and the suit was brought February 8, 1896, and consequently before the money was payable in any event.

But apart from this consideration, the plaintiff is not entitled to the money.    The agreement provides for its payment, not to the plaintiff but to his son.    By confirming and approving the agreement between the son and the defendant the plaintiff in effect emancipated his son, so far as the wages earned under the contract were concerned, and gave the wages to his son.    They became, therefore, the property of the son, and not the property of the plaintiff.

Case remitted to the District Court of the Sixth Judicial District, with direction to enter judgment for the defendant for costs.

*Henry W. Hayes & Frederic Hayes*, for plaintiff.
*Arnold Green*, for defendant.