**Thomas C. GENTRY, Appellant,**

**v.**

**Archie K. CIOMPERLIK, Appellee.**

**No. 14250.**

Court of Civil Appeals of Texas.

San Antonio.

April 29, 1964.

Werner A. Gohmert, Alice, for appellant.

Lola L. Bonner, Rockport, for appellee.

MURRAY, Chief Justice.

Appellant, Thomas C. Gentry, brought this suit against appellee, Archie K. Ciomperlik, his uncle by affinity, for money in the sum of $10,000.00 had and received, allegedly belonging to appellant, and for an accounting. The trial began to a jury, but after the close of the evidence both parties moved for an instructed verdict in his favor. The court overruled the motion of

plaintiff and granted that of defendant. Upon such instructed verdict the trial court rendered judgment that plaintiff take nothing, from which judgment Thomas C. Gentry has prosecuted this appeal.

When Gentry was sixteen years of age he was found to be a delinquent child, by the judgment of the Juvenile Court of San Patricio County, Texas, and his temporary custody was assigned to his uncle Archie K. Ciomperlik, who with his wife resided at Alice, Jim Wells County. At that time Ciomperlik was employed by the Hunt Drilling Company as a driller, and was instrumental in getting a job for Gentry with that Company. Before Gentry was allowed to go to work for the Drilling Company, being then a minor seventeen years of age, Ciomperlik and his wife, Christina N. Ciomperlik, were required to sign the following affidavit:

RECEIVED NOV 18 1959

"HUNT DRILLING COMPANY. INC.

Name of Employer

CONSENT TO THE EMPLOYMENT OF

Thomas Chester Gentry (A MINOR)

KNOW ALL MEN BY THESE PRESENTS:

That we are (I am) the legal parents (legally appointed guardian) of Thomas Chester Gentry, a minor.

That we (I), the undersigned, for the purpose of enabling said minor of the age of 17 years to secure employment with the HUNT DRILLING COMPANY, INC. do hereby agree that said minor may be employed by it in such undertakings and lines of employment and for such wages and compensation as may be agreed upon by and between said minor and said Company, and that said minor may do such work, whether hazardous or not, as said Company may call upon him to do, and, in consideration of his employ-

ment by the said HUNT DRILLING COMPANY, INC. we, (I) hereby authorize and empower said Company to pay to said minor all wages or compensation earned by him while in its employ, direct to the said minor, in the same manner in which said Company pays its other employees, and we (I) do hereby release all claims for said wages or compensation.

And we (I), the undersigned, further agree that in all suits and actions which may hereafter be instituted by us (me) or either of us for damages resulting from injuries sustained by said minor while in the employment of said Company, the consent to the employment of the said minor hereby being given, the agreements herein contained, shall constitute a bar to any recovery by us, and may be urged and taken advantage of as such by said Company, and that said Company may further urge and take advantage of, in bar to any such recovery by us, all and singular the defenses which might be urged and taken advantage of by it in bar to a recovery by said minor in any suit instituted on account of such injuries, for the benefit of said minor alone. The purpose and intent of this agreement being, as between us and said HUNT DRILLING COMPANY, INC., to manumit the said minor and authorize and empower him to deal with the said HUNT DRILLING COMPANY, INC., in all and singular, every matter connected with or arising out of his employment, or any accident or injury sustained by him while so employed, in the same manner and to the same effect as though he were of lawful age.

The undersigned acknowledge receipt of notice that HUNT DRILLING COMPANY, INC. provided for payment of compensation under Chapter 179, General Laws, Thirty-third Texas Legislature, commonly known as the Employers' Liability Act and amend-

ments thereto, and the said Act and amendments shall be taken and held to be a part of this agreement and in the event that said minor is injured it is agreed that the undersigned shall make no demands against HUNT DRILLING COMPANY, INC. for compensation or damages, but shall look solely to the insurer of HUNT DRILLING COMPANY, INC. for compensation, as is provided in said Employers' Liability Act.

The undersigned guarantee and represent that the minor herein named is not under 17 years of age, and that he was born on the First day of the month of September in the year of 1952.

Witnesses to signature of parents or guardian:

(Signed) Archie K. Ciomperlik
" Christina N. Ciomperlik
Guardians

SWORN TO AND SUBSCRIBED before me the undersigned authority, this 16th day of November, 1959.
(SEAL) /s/ Betty Kelley
Betty Kelley, Notary Public
Jim Wells County, Texas"

Both parties assume on this appeal that appellee and his wife stood in loco parentis to appellant at the time the above affidavit was executed, therefore, we will here assume that this status existed. Gentry was taken into the Ciomperlik home and treated as though he was a member of the household. Over a three-year period Gentry earned something over $14,000.00 in take-home pay. Checks for his wages were issued in Gentry's name. Ciomperlik handled all of the checks for the drilling crew and delivered to each his check, but as to Gentry, Ciomperlik would merely show him his check then endorse it himself and deposit it in his bank account. However, Gentry did endorse a few of the checks.

No formal charges were made against Gentry for his room and board, and he was given such money as he might need for other expenses. Ciomperlik and his wife watched over Gentry, and under their care he got into no further trouble. At the end of the year Ciomperlik would fill out Gentry's income tax return, sign it himself and collect whatever refund there was coming, and deposit this sum in his own bank account. After about three years Gentry left the Ciomperlik home and instituted this suit to recover $10,000.00.

■ There can be no question about the fact that the affidavit signed by Ciomperlik and his wife was sufficient, as between Ciomperlik and the Hunt Drilling Company, to emancipate Gentry and relinquish any claim Ciomperlik might have on the wages of Gentry.

■ The next question is, whether as between Gentry and Ciomperlik there was an emancipation as a matter of law, or only evidence thereof. We conclude that as to this only a fact issue was raised. The provisions of the affidavit are very strong and broad, but, on the other hand, the minor continued to live with the Ciomperliks as a member of their household. No one else was contributing to his care and support; he was supervised by the Ciomperliks and told where to go and where not to go. They furnished him his board, lodging, clothes and spending money. These and perhaps other facts raised the fact question as to whether the minor had been fully emancipated, as between himself and the Ciomperliks. Therefore, the trial court erred in granting an instructed verdict and rendering judgment that Gentry take nothing. Furrh v. McKnight, 6 Tex.Civ.App., 26 S.W. 95; Lottinville v. Dwyer, 68 R.I. 263, 27 A.2d 305; Pardey v. American Ship Windlass Co., 19 R.I. 461, 34 A. 737; Francisco v. Benepe, 6 Mont. 243, 11 P. 637.

The judgment will be reversed and the cause remanded for a new trial.