FILED

12/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0580

DA 21-0580

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 255N

IN THE MATTER OF:

C.M.,

     A Youth.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDJ-2021-5
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Chad Wright, Appellate Defender, Tammy A. Hinderman, Assistant
Appellate Defender, Helena, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

          Kevin Downs, Lewis and Clark County Attorney, Katie Jerstad,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  August 23, 2023

Decided:  December 28, 2023

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant C.M., a youth, appeals a September 29, 2021 dispositional order of the Montana First Judicial District Court, Lewis and Clark County, committing C.M. to the custody of the Department of Corrections for placement in a state youth correctional facility until age 18, with a recommendation for placement at Pine Hills Correctional Facility. C.M. argues he was denied the right to effective assistance of counsel when C.M.'s attorney failed to make objections to the admission of various hearsay statements. We affirm.

¶3 On March 3, 2021, the State charged C.M. by petition with sex offenses against three of his high school classmates. The State alleged that, if committed by an adult, C.M. would have committed: (1) Sexual assault and sexual intercourse without consent against E.E., both offenses alleged to have occurred at E.E.'s grandmother's home (Counts I and V); (2) Sexual Assault against S.R. occurring on the school stairs (Count II); (3) Sexual intercourse without consent, or alternatively, attempted sexual intercourse without consent against A.C. on a school bus (Counts III and IV). C.M. denied all allegations.

¶4 An adjudication hearing was held before a jury on August 9-11, 2021. On the morning of the first day of trial, the State moved to endorse a foundational witness to

establish the admissibility of the School District's bus records under the business records exception to the hearsay rule. Defense counsel objected, arguing the motion was untimely and provided inadequate time to review the records or interview the new witness prior to trial. The District Court ruled the State could not call the witness during its case-in-chief.

¶5 S.R. testified that C.M. grabbed her buttocks and breasts in their high school's stairwell in 2019. School Resource Officer Sean Schoenfelder ("Schoenfelder") testified that in January of 2020, S.R. told him C.M. had grabbed her buttocks and breasts as they walked up the school stairway together at the start of the school year. Schoenfelder testified that S.R. had provided him with names of other people who "might be involved," including E.E. Defense counsel made no objection to any of this testimony.

¶6 E.E. testified that she hung out with C.M. at school a bit and would sometimes give C.M. rides to school because C.M. lived near E.E.'s grandmother's house, where E.E. would sometimes stay. E.E. testified that on September 17, 2019, she drove C.M. to her grandmother's house, where C.M. sexually assaulted her several times, first on the couch in the living room and then in the guest bedroom.

¶7 At trial, forensic interviewer Paula Samms ("Samms") testified about the interview she conducted with E.E. Samms testified about E.E.'s description of the incident during the forensic interview along with her demeanor. Samms' testimony included many details which E.E. had already relayed. Defense counsel made no objection to this testimony.

¶8 Schoenfelder testified that, in the course of his investigation, he had gone to E.E.'s grandmother's home. Schoenfelder testified to the home's configuration and furnishings

3

which were largely consistent with details E.E. had reported in her forensic interview and previous testimony.

¶9 E.E.'s mother testified to the substantial changes in E.E.'s behavior, which began in the fall of 2019. E.E.'s mother testified that E.E.'s demeanor on the day of the incident was "panicky" and "disoriented." E.E.'s mother recounted in detail a conversation with E.E. in January of 2020 in which E.E. told her that she had been raped. Defense counsel made no objection to this testimony.

¶10 Schoenfelder testified that in January 2020, A.C. reported to him that at the start of the school year, when A.C. was riding the bus with C.M., C.M. pinned her against the back of the seat with his arm and sexually assaulted her. This testimony was consistent with A.C.'s prior testimony.

¶11 On direct examination, the State asked Schoenfelder if he had reviewed the school district bus records. Schoenfelder testified that he recalled reviewing those records and that A.C. and C.M. were both on the same bus on the afternoon in question. Defense counsel made no objection to this testimony.

¶12 The jury found that C.M. had committed the conduct involving E.E. (Counts I and V) and A.C. (Count III) but was unable to reach a verdict on the sexual assault allegation as to S.R. (Count II). The youth court committed C.M. to the custody of the Department of Corrections for placement in a state youth correctional facility until age 18, with a recommendation for placement at Pine Hills Youth Correctional Facility. On appeal, C.M.

argues that his counsel was ineffective for failing to object to the admission of hearsay statements that improperly bolstered the credibility of the complaining witnesses.

¶13 "Whether a person has been denied the right to due process is a question of constitutional law and our review is plenary." *K.J.R.* 2017 MT 45, ¶ 11, 386 Mont. 381, 391 P.3d 71 (citing *In re A.S.*, 2004 MT 62, ¶ 9, 320 Mont. 268, 87 P.3d 408).

¶14 C.M. contends that his defense attorney provided ineffective assistance of counsel when he failed to object to the admission of several inadmissible hearsay statements that bolstered and corroborated the complaining witnesses' trial testimony including: (1) when Samms, Schoenfelder and E.E.'s mother testified about prior statements E.E. had made which were consistent with E.E.'s testimony; (2) when Schoenfelder testified about statements A.C. had made to him which were consistent with A.C.'s testimony; (3) when Schoenfelder testified without personal knowledge about school bus records which defense counsel had successfully objected to in the State's case-in-chief.

¶15 Under the Due Process Clause of the Fourteenth Amendment, a youth has the right to assistance of counsel during delinquency proceedings when such proceedings may result in the commitment to an institution. *In re Gault*, 387 U.S. 1, 41, 87 S. Ct. 1428, 1451 (1967). Article II Section 15 of the Montana Constitution guarantees persons under 18 all the fundamental rights of Article II of the Montana Constitution unless specifically precluded by laws which enhance the protection of such persons. Section 41-5-1413, MCA, provides a statutory right to counsel in all youth court proceedings. The right to

5

counsel includes the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984).

¶16 We have rejected the use of the *Strickland* test to evaluate youth court ineffective assistance of counsel claims. *In re K.J.R.*, ¶ 33. When evaluating ineffective assistance of counsel claims, we consider whether the errors have resulted in prejudice. *See In re A.S.*, ¶ 31; *In re K.J.R.*, ¶ 36. We have not adopted specific criteria for evaluating youth court ineffective assistance of counsel claims. C.M. proposes we adopt a modified version for evaluating ineffective assistance of counsel similar to the standards we adopted in *In re A.S.*, ¶¶ 26-28. Under the unique facts of this case, we find it unnecessary to adopt the proposed modified criteria because the record fails to establish that C.M. was substantially prejudiced under any standard.

¶17 The failure to object to inadmissible hearsay evidence may provide a basis for an ineffective assistance of counsel claim. *See e.g., In re J.J.L.* 2010 MT 4, ¶¶ 21-22, 335 Mont. 23, 223 P.3d 921 (holding that counsel provided ineffective assistance when, among other errors, counsel failed to object to multiple hearsay statements). Admission of prior consistent statements may be harmless if the declarant testifies to the same facts at trial because "the dangers that the hearsay rule seeks to avoid are not present." *State v. Veis,* 1998 MT 162, ¶ 26, 289 Mont. 450, 962 P.2d 1153 (citations omitted). "Inadmissible evidence is not prejudicial so long as the jury was presented with admissible evidence proving the same facts as the tainted evidence." *State v. Smith*, 2021 MT 148, ¶ 34, 404

Mont. 245, 488 P.3d 531, (citing *State v. Kaarma*, 2017 MT 24, ¶ 89, 386 Mont. 243, 390 P.3d 609); *see also, State v. Van Kirk*, 2001 MT 184, ¶ 44, 306 Mont. 215, 32 P.3d 735.

¶18 Whether or not C.M.'s counsel was deficient in the matters C.M. alleges, C.M. has failed to demonstrate that his counsel's failures to object to the hearsay statements resulted in substantial prejudice. Considering the entirety of the record, the State presented sufficient admissible evidence to the jury that proved the same facts as the prior consistent statements and bus records. Standing alone, the testimony of E.E. and A.C., while certainly bolstered by the prior consistent statements, established all the facts necessary for the jury to find that C.M. committed the conduct as alleged by the state in Counts I and V against E.E. and Count III against A.C. C.M. similarly has not demonstrated that Schoenfelder's testimony concerning the bus records resulted in substantial prejudice. Irrespective of the admissibility of the records, C.M.'s counsel was aware that C.M. and A.C. had ridden the bus together. Rather than trying to dispute the benign fact that the two had been on the same bus, C.M.'s counsel challenged A.C.'s allegation that C.M. had sexually assaulted her on the bus. On cross-examination, he elicited testimony from A.C. that the bus was full on the day she alleged C.M. had sexually assaulted her and that she was sitting on the aisle side of the seat.

¶19 Aside from the hearsay statements, other witnesses provided admissible testimony which lent credibility to A.C. and E.E.'s testimony. E.E.'s mother provided testimony describing her daughter's demeanor as "panicky" and "disoriented" when they spoke on the phone that day along with significant changes she noticed in E.E.'s behavior following

7

the incident involving C.M. Samms testified to her impressions of E.E.'s demeanor and composure during the forensic interview.

¶20 A review of the entire record reflects that, notwithstanding the admission of the prior consistent statements, C.M.'s counsel vigorously challenged the complaining witnesses' testimony by highlighting inconsistencies and gaps in their testimony, as well as aspects of the investigation. In that regard, it bears noting that as to Count II, C.M.'s counsel's representation resulted in the jury's inability to reach a verdict.

¶21 Although both parties encourage this Court to adopt a specific standard for ineffective assistance of counsel claims in youth court—with C.M. encouraging us to adopt a modified version of the standard we adopted in *In re A.S.* and the State advocating for the *Strickland* standard—either standard requires C.M. to demonstrate that he was prejudiced by any alleged deficient performance. Based on our review of the entire record, we conclude C.M. has failed to make such a demonstration.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Considering the entirety of the record and the quality of admissible evidence, we conclude that C.M. has not demonstrated that he was denied effective assistance of counsel. We affirm.

/S/ JAMES JEREMIAH SHEA

8

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR