NOTEWARE et al., appellants, *v.* STERNS, respondent.

PRACTICE — *agreed statement no part of judgment roll.* An agreed statement of facts, on which the case was tried and judgment rendered in the court below, forms no part of the record, and cannot be considered on appeal, unless it is included in the statement on a motion for a new trial, or saved in a bill of exceptions, or certified to by the judge as having been used on the trial.

STATUTORY CONSTRUCTION — *act of congress relating to rights of ditch owners construed — water-rights.* Under section 9 of the act of congress, entitled "An act granting the right of way to ditch and canal owners, over the public lands and for other purposes," approved July 26, 1866, a person has no right to go upon the mining ground of another and construct his ditch through the same, without the consent of the owner, unless he shows a necessity therefor, and pays the damages resulting therefrom. It was the intention of congress to give the owners of water-rights the right of way over the public domain, for the construction of ditches, to make the water available for use.

*Appeal from the First District, Madison County.*

THE facts appear in the opinion. Judgment was rendered in August, 1870, by WARREN, J.

W. F. SANDERS and H. N. BLAKE, for appellants.

Congress has granted the appellants the right of way for the construction of their ditch over the public domain possessed by respondent. 14 U. S. Stat. 253, § 9. The words "right of way," are used in other statutes by congress, and are to be construed the same. 14 U. S. Stat. 94, § 1; 240, § 3; 290, § 6; 294, § 2; *Doran* v. *Central P. R. Co.*, 24 Cal. 259. This law is to be construed according to the intent of congress and the object in view. Sedgw. Stat. Law, 230, 231; *Appeal of N. B. & M. R. R. Co.*, 32 Cal. 515.

The title of this act shows the intent "for the construction," etc. Sedgw. Stat. Law, 50, 51; *Flynn* v. *Abbott*, 16 Cal. 365. Previous to the passage of this act, the owners of ditches had no right to construct them through the inclosures of others, without their consent. Yale on Water Rights, 211; *Burdge* v. *Underwood*, 6 Cal. 45; *Weimer* y. *Lowery*, 11 id. 104.

Congress passed this act to give parties the rights previously denied by the courts of California. Yale on Water Rights, 211, 212, 380. The decision of the court below renders this act of no effect.

The respondent has no title or interest in the mining ground described in the pleadings that will defeat the right of way of appellants. The United States owns said ground and can make regulations and grants thereof. *Doran* v. *Central P. R. Co.*, 24 Cal. 255, 259; *Hutton* v. *Frisbie*, 37 id. 490–493; *Rector* v. *Ashley*, 6 Wall. 151; *Frisbie* v *Whitney*, 9 id. 192–197.

The statute protects the rights of respondent by giving him damages for injuries committed by appellants.

WORD & SPRATT, for respondent.

The judgment roll is all that can be reviewed in this appeal. 3 Estee's Pl. 490, 496. The agreed statement of

facts, submitted by the parties upon the issues raised by the pleadings, forms no part of the judgment roll. Civ. Prac. Act, §§ 188, 189, 190, 203.

Respondent owned the mining ground which appellants' ditch would injure. His rights thereto and the water had become vested under the law of congress, and appellants could not divest him of his rights by extending their ditch. *Weimer* v. *Lowery*, 11 Cal. 112; *Courtwright* v. *B. R. & A. W. & M. Co.*, 30 id. 573; Act of Congress of July 26, 1866, § 9; *Bear R. Co.* v. *York M. Co.*, 8 id. 330; *Hoffman* v. *Stone*, 7 id. 48; 2 Sto. on Const. 1789; Yale on Water Rights, 211, 217, 379.

When private lands are to be taken for a ditch, proceedings must first be had to obtain the right of way under the act of congress. This suit is no such proceeding. Appellants admit that they were trespassers, in taking possession of respondent's ground, and ask a court of equity to protect them in so doing. They deprive respondent of his property without "due process of law." 2 Sto. on Const. 1787; Yale on Water Rights, 211, 217; Amend. to U. S. Const., art 5.

SYMES, J. This was an action for damages and a perpetual injunction, for filling up and injuring the water-ditch of plaintiffs. The complaint alleged, in substance, that plaintiffs were the owners of a certain water-ditch in Alder gulch, and dams and reservoirs; that, for the purpose of running the water of said ditch to their mining ground, they commenced the construction of an additional ditch; that, in order to run said ditch to their mining ground, it was necessary to construct the same across the mining ground of defendant; that they went upon defendant's ground and constructed some portion of their ditch, when they were prevented from further constructing said ditch, and the defendant filled up the same; and plaintiffs ask judgment for damages, and that defendant be restrained perpetually from interfering with plaintiffs constructing their ditch through or over defendant's mining ground.

VOL. I — 40.

Defendant answered, and admitted plaintiffs' ownership of ditch and water-right; alleged that he was the owner of 450 feet of mining ground below plaintiffs' dam and reservoir; that it was worth $2,000, and he had been the owner thereof since 1863; admitted that plaintiffs went on his ground and attempted to dig a ditch, without his consent, and that he filled up said ditch; denied that he interfered with plaintiffs' ditch, except on his own ground; further answering, alleged that the construction of said ditch over or through his mining ground would produce great and irreparable injury to the same, and render it wholly worthless; and that it was not necessary for plaintiffs to construct said ditch across his ground to enable them to save and conduct their surplus water to their mining ground; that constructing said ditch across his ground would deprive him of the use of the waters of Alder gulch for mining, to which he is entitled; denied irreparable injury, insolvency and damage, and asked judgment for costs.

Plaintiffs replied, but as no replication was necessary it is unnecessary to notice it.

The case was tried before the court below on an agreed statement of facts, and judgment of nonsuit rendered against the plaintiffs, an appeal taken from the judgment roll, no bill of exceptions, or statement on appeal, appearing in the record.

There appears, in the transcript, an agreed statement of facts, on which the case seems to have been tried. This agreed statement of facts not being included in a statement on appeal, and settled or agreed to in accordance with section 323 of the Civil Code, nor saved nor included in a bill of exceptions, nor designated or referred to as having been used on the trial by a certificate of the judge, it forms no part of the record which we can consider on appeal.

Then the only questions presented are, did the court below err in rendering judgment of nonsuit on the pleadings and facts found by the court? The court found that defendant was the owner of the mining ground, over and through which plaintiffs attempted, without consent of de-

fendant, to construct their ditch; that the construction of said ditch would greatly injure and damage defendant, and, to a great extent, deprive him of the use of his mining ground, and the waters of Alder gulch running over and through the same; that defendant and his grantors had located and possessed said property since the year 1863, and had prior and superior rights to the same and the enjoyment thereof; that the plaintiffs had not paid, or offered to pay, the said defendant for any damage he had or would sustain by reason of the construction of the said ditch over his mining ground; and that defendant was not guilty of the wrongs and trespasses alleged against him in plaintiffs' complaint.

It is contended by plaintiffs below that, under the act of congress entitled "An act granting the right of way to ditch and canal owners over the public lands, and for other purposes," approved July 26, 1866 (14 U. S. Stat. at Large, 253, § 9), the plaintiffs had the legal right to go on the defendant's mining ground, and construct their ditch over, through and across the same, without the consent of the defendant; and that, because the defendant prevented them from so doing, and filled up that portion of the ditch on his ground, plaintiffs are entitled to a judgment for damages and a perpetual injunction. So far as our information goes, section 9 of the act of congress mentioned has never received any judicial construction; and the record in this case does not call upon us to construe it so fully as to present those original and interesting questions which must eventually arise under this law. We do not think it was the intention of congress, when it said that the right of way for the construction of ditches and canals, over the public domain, for carrying water for mining and other purposes, is acknowledged and confirmed to those who, by the local laws and customs, have vested rights therein, to enact that one person may go at his pleasure on the mining ground of another, without the latter's consent, and construct through or over the same a ditch or canal, which would greatly damage or almost destroy the vested rights of the owner, without

showing a necessity therefor, and paying or securing the damage to result therefrom.

The findings of the court show this to be about the state of circumstances under which the plaintiffs ask the court to perpetually enjoin the defendant from interfering, in any way, to prevent the construction of their ditch through his property; and there was no error in the judgment of the court below.

We think it was the intention of congress to give the right of way over the public domain to those owning water-rights, for the construction of ditches and canals, to make the same available for useful and beneficial purposes; but what degree of necessity must exist to give the right to construct a ditch or canal over or through land or mining ground possessed by another, in which valuable vested rights have accrued under the same law, to the partial or total destruction of those rights, when and how the damages resulting from the construction of such ditch or canal must be paid or secured; and, in case of the owner's refusing and preventing the digging of the ditch on ground lawfully possessed by him, the proper mode of procedure, to enforce the rights given by said law of congress, are questions not presented in this case.

*Judgment affirmed.*