KLEINSCHMIDT ET AL., appellants, *v.* McANDREWS ET AL., respondents.

This is a rehearing of the case decided at the January term, 1881.   See *ante*, p. 8, for points decided and argument of counsel.

GALBRAITH, J.   This case is presented to us on a motion for a rehearing.   It was considered at the January term of this court for 1881, and an opinion then rendered. The action of the court in dismissing the appeal and affirming the judgment was, as stated in that opinion, for the reason that the proceedings in the court below were not properly brought before this court for review;

the method provided by the Code of Civil Procedure for this purpose not having been pursued.

After a careful perusal of the opinion then rendered and an examination of the arguments of counsel on the hearing, we see no reason to reconsider our judgment in the premises, but are rather confirmed in our views of its correctness.

In relation only to the question as to whether or not the case is properly before this court for review, we will briefly consider the reasons urged by the appellants on the rehearing.

It is claimed that the whole record which contains the pleadings, together with all the proceedings and evidence in the case, is a bill of exceptions. The record does, indeed, at the outset, purport to be a bill of exceptions. As such a bill of exceptions it is not, however, signed by the judge. See Code of Civil Procedure, sec. 816.

The Code of Civil Procedure does not anywhere contemplate such a bill of exceptions. It does not come within the definition of an exception as provided by law. See Code of Civil Procedure, sec. 279. To hold such a bill of exceptions sufficient would be to establish the precedent, that where the entire record purported at its commencement to be a bill of exceptions, this court must then notice every error which the ingenuity of counsel could suggest, without any further specification of the objection in the record whatever. Such a character of practice will not bear consideration for a moment.

Again, it is claimed that the motion for a non-suit contains evidence of which this court is bound to take notice, because contained in the motion itself. But the motion for a non-suit is no part of the judgment roll. See Code of Civil Procedure, sec. 294. Therefore, the motion for a non-suit not being a part of the judgment roll, this court cannot consider the evidence contained therein; for an appeal from the judgment alone, without a statement on appeal, as provided by sec. 419 of the

Code of Civil Procedure, brings up nothing but the judgment roll.

We are referred to the case of *Cravens* v. *Dewey*, 13 Cal. 42, where Baldwin, J., uses the following language: "The second error assigned is in granting a nonsuit. A preliminary objection is taken that no motion for a new trial was made. Nor was any necessary, the granting of a non-suit on the facts being a pure question of law, which is properly raised on the record for a review by exception taken."

That a motion for a new trial was not necessary was held in the former opinion rendered in this case. Even if we were inclined to agree with the other position held, viz., that an exception may be taken to the granting of a non-suit on the facts, nevertheless the exception should comply with the requirements of the law in particularly stating the point of the objection, and also so much of the evidence as is necessary to explain it. The exception in this case is entirely defective in this particular. The motion which is alleged to contain the evidence not being a part of the judgment roll, and the exception itself not containing such evidence, nor designating the point of the objection, as required by law, how can this case be held to be properly before us for review?

But the plain provision of the Code of Civil Procedure, in defining an exception to be "an objection taken at the trial to a decision upon a matter of law, . . . from the calling of an action for trial to the rendering of the verdict or decision," and in designating what are deemed to have been excepted to (secs. 279, 280, of Code of Civil Procedure), as well as the general current of our own and the California decisions on this subject, seem to us to be conclusive as to the correctness of the position held in our former opinion, that an exception, as defined in the above section 279, cannot be taken to an order granting a non-suit on the facts.

A strict adherence to the plain and practical require-

ments of the Code of Civil Procedure, in relation to the method of bringing cases here for review, will insure improvement in the practice, an end most useful and advantageous to the profession.

The judgment is affirmed, with costs.

*Judgment affirmed.*