GRANITE MOUNTAIN MINING Co., appellant, *v.* WEIN-STEIN ET AL., respondents.

EMINENT DOMAIN. — *In a proceeding under sections 1497 et seq., division 5, Compiled Statutes of Montana, a judge has full power in chambers to adjudge costs.* — In the case at bar, a petition was filed before a judge in chambers under sections 1497 et seq., for the purpose of condemning a right of way to a mining claim. Judgment was rendered against the plaintiff, and subsequent to the rendition of said judgment the judge made an order taxing the costs of the proceeding to the plaintiff. *Held,* that under said statute, the judge had full power at chambers to fully dispose of the proceeding, and consequently to tax up the costs therein after the judgment rendered.

APPEAL. — *The transcript on appeal from an order taxing costs must properly present the evidence upon which the costs were taxed.* — An appeal was taken from the order hereinbefore described. The transcript failed to show the items of the amount of costs taxed. *Held,* that the evidence by which the court determined the amount of costs must have been in parol, and that the only way in which such evidence could be reviewed was to make it a part of the judgment roll by a bill of exceptions, signed by the judge, or its equivalent, a statement on appeal, properly authenticated under section 438, division 1, Compiled Statutes of Montana.

*Appeal from District Court, Deer Lodge County.*

ROBINSON & STAPLETON, for the appellant.

The judge of said court had no authority or power in vacation to render such judgment, and if he had, costs and attorneys' fees should not have been allowed in such case. There is no provision of the statute, article 4, chapter 45, Revised Statutes, page 593, authorizing costs in such cases. The only provision made as to costs is found in sections 894, 897, and 898, pages 594 and 595, which have no application to this case. *Railway Co.* v. *Swan,* 111

U. S. 387; *Mayor* v. *Cooper,* 6 Wall. 250.  The invariable
rule is, that attorneys' fees are not allowed, except under
some positive rule of law, and this is not a proper case
for it.  *The Nuestra,* 17 Wall. 31; *The Baltimore,* 8 Wall.
392; Sedgwick on Damages, 5th ed., 104 et seq.

COLE & WHITEHILL, for the respondents.  No brief
on file.

McCONNELL, C. J.  This case was heard at a former
day of this term upon a motion to dismiss the appeal.
*ante,* p. 346.  This motion being disallowed, it was heard
upon its merits.  Reference is here made to the opinion
delivered upon said motion for all matters relevant to
those now under consideration.

This is an appeal from an order made by the judge at
chambers awarding the defendant the costs of defending
a proceeding instituted under section 1497 et seq., to
condemn the right of way to a mining claim.  The or-
der appealed from is as follows, to wit: —

" Motion to require plaintiffs to pay the costs in this
proceeding is hereby sustained.

"WILLIAM J. GALBRAITH, Judge."

" The matter of costs in this case having been consid-
ered by me, it is ordered that defendants, William Wein-
stein and others, do have and recover costs of the
plaintiff, the Granite Mountain Mining Company, taxed
at $438, and that execution issue therefor.

"WILLIAM J. GALBRAITH, Judge."

This order is authenticated by the certificate of W. F.
Shanley, clerk of the district court of Deer Lodge County.
We held, in the opinion referred to, that this was a suffi-
cient authentication under our practice act (section 438),
so that the order is before us for our consideration.

It is insisted, — 1. That the judge at chambers can-
not pronounce judgment for costs.  The law confers upon

the judge the power to hear and determine at chambers all applications for condemning rights of way, whether to mining claims or for railroads. It vests him with the power to receive petitions for such purposes, and appoint commissioners to assess the damages, and receive and confirm their reports; so that he is vested with plenary power at chambers to make a complete disposition of suits of this description. It is not denied that he had the power to hear this case, and to pronounce final judgment dismissing the petition, and refusing to grant the right of way prayed for. The transcript contains this final judgment, properly authenticated; and we held, in the opinion referred to, that this judgment was the paper or documentary evidence upon which the order adjudging costs was made. We are of the opinion that the power to adjudge costs follows as a necessary and logical result of the power vested in the court to hear and determine cases of this sort at chambers, and we therefore hold that he had the power to make the order adjudging costs against the appellant. The petition of the appellant was denied, and its cause dismissed; and judgment for costs, therefore, was correctly pronounced against it, and there is no error in this.

But it is insisted that the costs taxed at $438 are composed of witness fees, $138, and attorney's fees, $300; and that the court erred in allowing said attorney's fees to be taxed against the appellant as a part of the defendants' costs. There is no documentary evidence authenticated by the certificate of the clerk, by which we can determine the items of costs which make up the $438,— the amount fixed in the judgment for costs. The record contains this, to wit: "And that the following is the bill of costs as allowed in said matter, to wit: Witness fees, $138, attorney's fees, $300"; but this is not signed by the judge, nor is it made a part of the judgment roll by bill of exceptions or statement on appeal. The evidence

by which the court determined the amount of the costs must have been in parol, and the only way that it can be noticed in this court is to make it a part of the judgment roll by bill of exceptions, or its equivalent,—a statement on appeal properly authenticated. For this reason we decline to consider the question as to whether attorney's fees could be taxed as costs, or not; and as the order adjudging costs is good upon its face, and there being nothing in the record to impeach it, we affirm the judgment of the court below, with the costs of this appeal.

*Judgment affirmed.*

McLEARY, J., and BACH, J., concur.