## SAMUEL J. BARBER, RESPONDENT, v. JOHN O. BRISCOE, APPELLANT.

CIVIL PRACTICE— *Amendments of complaint— When served and ten days for answering necessary.*— Under section 115, division 1, Compiled Statutes, when an amended complaint differs from the original in a substantial matter, or adds a material averment requiring proof, it should always be served upon a defendant and ten days allowed him to plead; but under section 113, division 1, Compiled Statutes, when the amendment is merely formal, as the correction of a clerical error, the name of the court, a party, or a date, no service or delay for pleading is necessary.

APPEAL—*Defective transcript— Correctness of order of trial court presumed— Waiver in obeying erroneous ruling.* —The plaintiff with leave of court filed an amended complaint, and thereupon the defendant was ordered to answer within two days. He excepted, but nevertheless obeyed the order. No copy of the original complaint appeared in the bill of exceptions, or elsewhere in the record on appeal, nor was there anything to show what defects were intended to be cured by the amended complaint. *Held,* it must be presumed, from the absence of anything to the contrary in the record, that the amendment was merely formal, and the ruling of the trial court therefore correct; but that, even had the defendant been entitled to service of the amended complaint, and ten days within which to plead, he waived all rights by answering.

CIVIL PRACTICE—*Judgment by default on amended complaint.*—*Held,* that when a complaint has been amended in some material point, no judgment by default can be entered until it has been served as amended, and the ten days allowed for pleading have elapsed.

SAME—*Appearance— Waiver.*—In the case at bar the plaintiff had with leave of court filed an amended complaint. The court made an order requiring the defendant to answer within two days. He excepted to the ruling but obeyed it. *Held,* that appearance, except for the purpose of objecting to the jurisdiction of the court, the summons, or service thereof, cures all defects and irregularities of process and even want of service—save when in cases like those of *Black v. Clendenin,* 3 Mont. 49, and *Harkness* v. *Hyde,* 93 U. S. 479, the court, without having acquired any original jurisdiction, overrules a defendant's plea to the jurisdiction or sufficiency of the summons, and compels him to answer and go to trial. *Held, also,* it is a well-settled rule of practice (*Perkins* v. *Davis,* 2 Mont. 474; *Collier* v. *Ervin,* 3 Mont. 142; *Francisco* v. *Benepe,* 6 Mont. 243) that when a party complies with a judgment of court sustaining a demurrer, he thereby waives the benefit of any exception to the ruling; and that there is no real distinction between such waiver and that under the circumstances of the case at bar.

APPEAL— *When exceptions by operation of law present questions for review.*—When the grounds and reasons for a decision, order, ruling, or other matter deemed excepted to by law (Comp. Stats. div. 1, ¿ 290) appear upon the face of the pleadings, no formal bill of exception is necessary, in order to have the same reviewed on an appeal, based upon the judgment roll. (*Dodson* v. *Nevitt,* 5 Mont. 520; *Power* v. *Gum,* 6 Mont. 5; *Granite Mt. Min. Co.* v. *Weinstein,* 7 Mont. 440.) But when the consideration of the same depends upon evidence, or any other matters outside of the pleadings, such evidence or other matters must be presented on appeal, either in a proper statement of the case, or a bill of exceptions settled and signed as required by sections 291, 292, division 1, Compiled Statutes. (*Noteware* v. *Sterns,* 1 Mont. 314; *Kleinschmidt* v. *McAndrews,* 4 Mont. 27; *Rooney* v. *Tong,* 4 Mont. 597; and *Sherman* v. *Higgins,* 7 Mont. 479, cited.)

SAME—*Judgment roll— When motion and affidavit for continuance not reviewable.*—A motion for a continuance, embodied in an affidavit setting forth the grounds therefor, was filed by the defendant. It was overruled. The transcript on appeal contained the affidavit, but it was neither in a statement of the case nor in a bill of exceptions. *Held,* that the said motion and affidavit were not a part of the judgment roll, and could not be considered as presented. (*Kleinschmidt* v. *McAndrews,* 4 Mont. 224, cited.)

*Appeal from the District Court, Lewis and Clarke County.*

### STATEMENT.

The plaintiff had filed an amended complaint by leave of court, and thereupon the defendant was ordered to file his answer within two days. He obeyed the order, but excepted to the same. A motion for a continuance made by the defendant was also overruled by the District Court. The defendant offered no evidence upon the trial, and judgment was rendered against him. The appeal of the defendant was based upon alleged errors of the court in requiring him to answer without any

service of the amended complaint upon him and before the expiration of ten days thereafter, and in overruling the motion for a continuance.

*E. W. Toole,* for Appellant.

The questions in this case are governed by an express provision of the statute, made to *control* the courts, by securing what the legislative assembly of the Territory regards as a right which a litigant should have. If the courts can ignore such provision, and then say no injury can result from it, they cease to administer the law, and make its enforcement depend upon the propriety or policy of the law. This under the Organic Act is conferred upon the legislative and not the judicial department of the government. What section of the Practice Act obtains in this case as shown by the record? Section 87 refers to cases where demurrers are interposed, and amendments to the complaint are made on account of it, which is not the case here. Section 115 applies only to cases where no demurrer or answer has been filed, or where a demurrer is filed, and there is an amendment before the trial of the issue of law raised by it. Such is not the condition of things presented by the record. The case comes emphatically within the provisions of section 116, which has not been complied with. The *time* fixed for answering throughout the Practice Act is ten days, except in the single instance provided for in section 87. It would make section 116 senseless to attempt to apply it to section 87, as that section makes the whole matter discretionary with the court, and section 116 gives power only to *enlarge the time* for answering. Plaintiff made a mistake upon what he regarded a material matter in his complaint, and voluntarily asked for leave to amend it on account of the facts set up in the answer, showing that a fatal variance would result from the trial as the pleadings then stood. The question is controlled by section 116, and rule 4, of the First Judicial District, in force at the time the decision was made. (See *Thornton* v. *Borland,* 12 Cal. 439; *People* v. *Rains,* 23 Cal. 128; 2 Estee's Pleadings, last ed. §§ 3168, 4448.) Appellant does show injury when he shows error. (*Sweeney* v. *Reilly,* 42 Cal. 402; *Rice* v. *Heath,* 39 Cal. 609.) He is not required to show the particulars in which he has been injured.

The burden, when error is claimed, is thrown upon the party in whose favor it was alleged to have been committed, to show that none could have occurred.

*Chumasero & McCutcheon,* for Respondent.

We contend, first, that the making of the order limiting the time in which to answer the amended complaint was entirely within the discretion of the court. That the court, in this instance, plainly acted within the powers conferred upon it, is plainly shown by the record, and unless the court abused its discretion in the matter the appellate court will not interfere. (*Roland* v. *Kreyenhagen,* 18 Cal. 455; *People* v. *Rains,* 23 Cal. 128.) We submit that in this case, if the defendant was in *good faith* when he took this exception to the ruling of the court requiring him to answer, then he should have abided by his exception. This he did not do; but did do a thing which was inconsistent with the idea of his relying upon the exception, viz., he filed his answer in compliance with the order of the court. He not only did this, but fully recognized the fact that the issues of the case were thus made up, and thereupon filed his affidavit and made his motion asking a continuance of the cause. By this act he waived his right to insist upon the exception which he had taken. We have been unable to find any case upon all-fours with this, but we have found a large number of cases where the principle here involved has been adjudicated. These have uniformly been cases where the court has passed upon the demurrer to a complaint, overruling the same, to which action on the part of the court the defendant excepted, and then did an act inconsistent with his exception, viz., filed his answer. In the adjudication of these cases it is very evident that the courts have proceeded upon the idea, that when a party takes an exception he must, if he intends to rely upon it, act in all respects consistently with the course pursued in taking his exception. If he does not do this, the courts have uniformly held that he waives the exception thus taken. In this case, if the defendant had seen fit to rely upon his exception, and the court was in error in making the order, the judgment which followed, as it did follow in this case, would have been of no value whatever to the plaintiff. In support of this view, we

cite the following cases: *Perkins* v. *Davis*, 2 Mont. 474; *Lockey* v. *Horsky*, 4 Mont. 457; *Collier* v. *Ervin*, 3 Mont. 142; *Francisco* v. *Benepe*, 6 Mont. 243; *Gale* v. *Tuolumne Water Co.* 14 Cal. 26; *McCullough* v. *Clark*, 41 Cal. 298; *De Boom* v. *Priestly*, 1 Cal. 206; *Pierce* v. *Minturn*, 1 Cal. 470; *Brooks* v. *Minturn*, 1 Cal. 481; *People* v. *Rains*, 23 Cal. 128; *Fenlon* v. *Goodwin*, 35 Kan. 123; *Hammersmith* v. *Avery*, 18 Nev. 225; *Garauflo* v. *Cooley*, 33 Kan. 137; *Carver* v. *Lynde*, 7 Mont. 108; *Babbitt* v. *Corby*, 13 Kan. 612; *Lonkey* v. *Wells*, 16 Nev. 271. Exception to the action of the court in overruling the motion for a continuance cannot be considered on this appeal, because the same was not saved by a bill of exceptions.

LIDDELL, J.—This is a suit against the defendant for one thousand seven hundred and fifty dollars, the amount of his promissory note in favor of the plaintiff, given to represent the purchase price of the interests of S. J. Barber, A. T. Higgins, and Robert Kircheval in the "Blue Jacket Mine," in Washington County, Idaho; the note was to have been paid at the First National Bank of St. Paul, Minnesota. On the 2d of December last, the plaintiff having with leave of the court filed an amended complaint, the judge made an order directing the defendant to answer on the 5th of the same month; whereupon the latter reserved a bill of exceptions to the ruling of the court, but, nevertheless, complied with the order by filing the answer as required. On the same day he filed his motion and affidavit for a continuance, which being overruled, he reserved another bill of exceptions. The defendant offered no evidence upon the trial of the cause, and judgment being rendered against him, he appealed the case to this court.

Two questions are presented for our consideration: *First*, as to the legality of the order directing the defendant to answer; and, *second*, the correctness of the order overruling the motion for a continuance. In considering the question of amendments it is well to bear in mind that they are of two kinds—one of substance, and the other of form, which exists in the very nature of things. An illustration of the first class is where some material allegation has been left out of the original complaint, as, for instance, in a suit to recover on a note payable at

a certain place, the failure to allege presentation and dishonor at the place of payment; or, in a suit to recover damages for a malicious prosecution, the failure to allege malice, or that the prosecution was without probable cause, or that it had been terminated in favor of the plaintiff. An amendment to a complaint setting forth any allegation of a material fact, proof of which is necessary to enable the plaintiff to recover, is an amendment of substance. It is making a good lawsuit out of nothing, and is tantamount to the commencement of a new action. Such amended complaints should always be served, and the legal delay of ten days allowed for answering. (Code Civ. Proc. § 115.) But where the amendment is merely formal, such, for instance, as to correct a clerical error, the name of the court, a party, or a date, it need not be served or any delay allowed for answering. (Code Civ. Proc. § 113.) On examining the record in this case, we find neither a copy of the original complaint, nor any statement in the bill of exceptions, to show in what respect it was insufficient, or what defects were intended to be cured by the amended complaint. Under the circumstances we are justified in concluding that the amendment was as to a mere matter of form, and therefore that the ruling of the judge *a quo* was correct. Clearly, if the amendment had been of substance, or to include some material averment, without proof of which the plaintiff could not make out his case, the defendant was entitled to service, and the legal delay for answering; and no default could have been properly entered against him before service, or the expiration of such time. He was fully protected in his rights. (Code Civ. Proc. § 245; *Burt* v. *Scranton*, 1 Cal. 416; *Joyce* v. *Joyce*, 5 Cal. 449.) But instead of standing upon his legal rights, the defendant chose to answer, and in so doing he abandoned his advantage, and thereby waived whatever rights he had reserved by bill of exceptions to inquire into the legality of the order complained of. Manifestly, after answering fully and completely, it would be too late to complain that there was neither service of the amended complaint, nor time enough allowed for answering. It has been uniformly held that appearance, except for the purpose of objecting to the summons or service thereof, cures all defects or irregularities in the process as well as want of service. (2 Estee's Pleading

and Practice, 2d ed. p. 645, § 2, and authorities there cited.) So, also, it is a rule of practice well settled that, where one complies with a judgment of the court sustaining or overruling a demurrer, he thereby waives the benefit of the exception to the ruling. (*Perkins* v. *Davis*, 2 Mont. 474; *Collier* v. *Ervin*, 3 Mont. 142; *Francisco* v. *Benepe*, 6 Mont. 243.) Nor is there any real distinction between the case of a defendant who answers under an order of the court, to which he excepted, and that of a party, who elects, or amends his complaint in conformity with a ruling of the court sustaining a demurrer. If there is, it is a distinction without a difference. But counsel for defendant insists that by answering he has not lost the benefit of his exception to the order; and he assimilates the case to that where the defendant has either pleaded to the jurisdiction, or the sufficiency of the summons or service, and answered after the plea was overruled. To support this view he cites us to two cases, *Harkness* v. *Hyde*, 98 U. S. 479, and *Black* v. *Clendenin*, 3 Mont. 49. In the former case, the defendant lived and was served out of the territorial jurisdiction of the court, and in the latter case there was no service of summons. Whenever a person who is entitled to plead to the jurisdiction appears for any other purpose than to except or demur to the jurisdiction of the court before which he is sued, he thereby waives the benefit of this plea, which is personal, and, so to speak, voluntarily submits himself to the judgment of the court. But when he appears for the sole purpose of interposing his plea to the jurisdiction, although overruled, he is not deemed to have waived it; for if, on appeal, it appears that the lower court never had any original jurisdiction, it was without authority to make any order in the case. When the defendant refused or declined to submit himself to the jurisdiction of the court, everything done after that was *coram non judice*, unless it was an order or judgment of dismissal. The cases relied on by defendant support this principle, for in each instance the defendant appeared first for the sole purpose of excepting to the jurisdiction; one of them because he lived out of the jurisdiction of the court, and the other for the reason that he had not been summoned as the law directed, and the court was therefore without jurisdiction. And in this connection, it must not be forgotten that the bill of exceptions

under consideration is not taken to a defective service of summons, or a want of service of the amended complaint, but merely to an order directing the defendant to answer an amended complaint within a specified time; and, as heretofore stated, on account of defects in the transcript, we find ourselves unable to examine into the correctness of that ruling, which must stand.

This brings us to the consideration of the motion for a continuance, which, under section 290 of the Code of Civil Procedure, is an order or ruling which the law deems excepted to. We find that the transcript before us embraces the amended complaint, the bill of exceptions taken to the order directing the defendant to answer, the answer, the affidavit for the continuance, the minutes of the court, showing the order overruling the motion, and the clerk's note that defendant excepts, the replication, the verdict, the judgment, and notice of appeal, with undertaking. The judgment roll contains no formal bill of exceptions to the order overruling the motion for continuance; and, unless we are to consider the affidavit as a part of the judgment roll, there is nothing before the court for review on this point. Section 290 of the Code of Civil Procedure declares and specifies that a verdict, and certain decisions, orders, and rulings, are deemed to have been excepted to; and among them is an order for a continuance. It is a literal copy of section 647 of the Code of Civil Procedure of California; but its object or purpose is not very plain, unless we accept the reason given by the compilers of that Code, who stated in their note that these "orders, decisions, rulings, and verdicts might be rendered or had in the absence of the losing party; and for his protection the exception was reserved by operation of law." (Code Commissioners' note, Code Civ. Proc. Cal. § 647.) The mere fact that the law has reserved an exception will not avail a party any more than if he had not excepted, unless the grounds and reasons, with so much of the evidence as is necessary to explain the point, be embodied in a bill of exceptions, properly settled and signed, as is required by the Code of Civil Procedure, sections 291 and 292. When we come to examine the matters which are deemed excepted to, it will be seen that there are two kinds, those orders, decrees, and rulings which appear upon the face of the pleadings; and the other is of that class where

the decision, order, or ruling is based upon evidence *dehors* the pleadings. We have two lines of authorities in our reports, apparently irreconcilable, but founded upon the distinction above stated, perfectly in accord with the strict letter of the statute, and in conformity with the California authorities on the same subject. The second paragraph of section 306 of the Code of Civil Procedure defines what shall constitute the judgment roll, specifying the summons, pleadings, verdict, or finding of the court, commissioner, or referee, all bills of exceptions taken and filed in said action, and copies of orders sustaining or overruling demurrers; while section 83 defines the only pleadings on the part of the plaintiff and defendant to be the complaint, answer, replication, and the demurrer accorded alike to each of them.

Bearing these facts in mind, we will proceed to examine the decisions illustrating the distinction stated. In the case of *Dodson* v. *Nevitt*, 5 Mont. 520, the plaintiff moved to strike out a counter-claim set forth in the defendant's answer; and, being sustained on appeal, this court said: "The motion was in effect a demurrer to the counter-claim, for the reason that the same did not state facts sufficient to constitute a cause of action against the respondent, and, like a demurrer, when overruled or sustained, will be deemed excepted to without a formal bill of exceptions, and the questions presented come properly before the court on appeal from the judgment." Again, in *Power* v. *Gum*, 6 Mont. 5, in reviewing an order denying a motion for a judgment on the pleadings, this court held that it was a matter deemed excepted to without a formal bill of exceptions, because it was a demurrer to a pleading on the ground of insufficiency, "and a motion, in so far as it is an application for an order for judgment in consequence of such defect." From these cases it appears that when the order, decision, ruling, or other matter, deemed excepted to by law, is apparent upon the face of the pleadings, no formal bill of exceptions is necessary in order to have the ruling reviewed on an appeal based upon the judgment roll. (*Granite Mountain Mining Co.* v. *Weinstein*, 7 Mont. 440; *Jones* v. *City of Petaluma*, 36 Cal. 230; *Smith* v. *Lawrence*, 38 Cal. 28; 99 Am. Dec. 344.) Under section 83, Code of Civil Procedure, demurrers are embraced in the term "pleadings," as used in the

second paragraph of section 306 of the Code of Civil Procedure, and properly constitute a part of the judgment roll. Hence, in such cases we have everything before us on appeal which the judge *a quo* had, when he made his ruling on the demurrer.

The other line of decisions to which we referred begins with *Noteware* v. *Sterns,* 1 Mont. 314, which was tried on an agreed statement of facts, resulting in a judgment of nonsuit, from which the plaintiff appealed. But the lower court having tried the case on evidence in the form of the agreed statement, which was included in the transcript, the appellate court refused to consider the evidence, because it formed no part of the judgment roll, and could only be brought before that court by having it included in a statement on appeal, or in a formal bill of exceptions, or by having the judge who tried the case certify that the statement was used upon the trial before him. To the same effect is *Kleinschmidt* v. *McAndrews,* 4 Mont. 27, which was also an appeal from a judgment of nonsuit, rendered upon evidence, and to which ruling the plaintiff excepted and drew a bill, which was signed by the judge, but did not include in it the evidence upon which the court acted. Although the evidence was found in the transcript, the Supreme Court refused to consider it, because in the language of the opinion, it was "not expressly made a part of, nor expressly stated in, any bill of exceptions." Again, in *Rooney* v. *Tong,* found in the same volume, on page 597, this court said: "The motion for a nonsuit was granted, and an exception noted, but no bill of exceptions was filed, and if there had been, it would have presented no question to be tried, unless it contained a statement of the testimony." While the orders or decisions in the cases just considered were in themselves appealable, they were also of that nature which by section 290, Code of Civil Procedure, are deemed excepted to. The case of *Sherman* v. *Higgins,* decided by this court at the January term, and reported in 7 Mont., page 479, is in line with the above cases, and is directly in point on the question under consideration. It was an appeal from the judgment, and among other questions presented for review the correctness of a ruling of the lower court in refusing a continuance. McLeary, J., as the organ of the court, held "that the affidavit of counsel, on his application for continuance, although inserted in the tran-

script, has no proper place there, because it is neither embodied in a bill of exceptions nor a statement; hence it cannot be considered an appeal from the judgment;" citing numerous authorities in support thereof. Wherever the ruling of the court is based upon evidence, it makes no difference whether the exception is taken in person or by operation of law; in order to be available, it must be reduced to writing, and settled and signed according to law, within the statutory time. (*Nash* v. *Harris*, 57 Cal. 242.) After a careful examination of authorities, we have found no case in which the court on an appeal from a judgment, based upon the judgment roll, has ever considered a question which involved evidence or any matter *dehors* the pleadings and judgment roll, unless the same has been presented, either in a statement of the case on appeal, a bill of exceptions, settled and signed as required by sections 291 and 292 of the Code of Civil Procedure, or else when the papers used upon the hearing on an appealable order were certified, as in the case of *Pieper* v. *Land Co.* 56 Cal. 173. Hence we conclude that, although the ruling denying the motion for continuance (which is a non-appealable order) is excepted to by operation of law, neither the motion, nor the affidavit in support thereof, found in the judgment roll, will be considered, unless incorporated in a bill of exceptions, settled and signed according to law, or the evidence is presented in a statement on appeal. In the case of *Kleinschmidt* v. *McAndrews*, 4 Mont. 224, the motion for a nonsuit included the evidence; but when the matter was pressed upon the attention of the court, they held very properly that the motion was no part of the judgment roll; and in view of this authority, we must hold that a motion for a continuance, embodied in an affidavit setting forth the facts in support thereof, is not a part of the judgment roll, and cannot be considered by this court on appeal, unless brought before us in one of the methods pointed out by law. *Non constat* that the affidavit in this instance embraced all the grounds upon which the judge ruled, but by pursuing the modes pointed out by law for bringing questions of fact before this court on appeal, the *rights* of all parties are protected. The appellate court cannot take judicial cognizance of proceedings in the lower court, and can know nothing of what transpires there except from the record

or transcript in the case, certified according to law; therefore the necessity for a strict compliance with the practice in this regard. There being no error in the judgment appealed from, it is affirmed with costs.

*Judgment affirmed.*

DE WOLFE, J., and BACH, J., concur.